MOTT et al. v. FT. EDWARD WATERWORKS CO. et al.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. ADMINISTRATORS—SALE OF LAND—DECREE—COLLATERAL ATTACK—CITATION—
    PRESUMPTION.
        Under the direct provisions of Code Civ. Proc. § 2473, where the juris-
    diction of the surrogate court to enter a decree for the sale of a decedent's
    real property is collaterally attacked, the fact that the parties were duly
    cited is presumptively proved by a recital to that effect- in the decree;
    and where other evidence was confirmatory, rather than contradictory,
    such recital became conclusive.

2. SAME—ORDER OF CONFIRMATION.
        Where land was sold by administrators under a decree authorizing the
    sale at the price received, the purchaser's title cannot be disturbed, in
    collateral proceedings, on the ground that 10 years after the sale no
    record could be found in the surrogate's office of an order confirming the
    contract and directing a conveyance.

Appeal from surrogate's court, Washington county.

Ejectment by Margaret B. Mott and another against the Ft. Edward
Waterworks Company and another. From a judgment dismissing the
complaint, plaintiffs appeal. Affirmed.

The plaintiffs seek to recover from the defendant, in an action of eject-
ment, a parcel of land that was owned by their father at the time of his
death. They make their title as his only heirs at law. The defendant makes
its title through a conveyance from the administrators of deceased, made
in proceedings to sell his real estate to pay his debts, had in the surrogate's
court of Washington county. The plaintiffs claim that such court never
acquired jurisdiction to decree such a sale.

Argued before PARKER, P. J., and SMITH, KELLOGG,
CHASE, and CHESTER, JJ.

Fred A. Bratt, for appellants.
Robert O. Bascom and Edgar T. Brackett, for respondents.

PARKER, P. J. The administrators of the plaintiffs' father filed
their petition for the sale of his real estate to pay his debts, with the
surrogate, on November 12, 1890. This petition was confessedly in
proper form, and sufficient in all respects for the purpose for which
it was designed. At that time these plaintiffs were infants,—the one
16 years of age, and the other 18 years old. A citation was issued to
all persons interested, including these plaintiffs, which was returnable
December 10, 1890. On that day, upon the petition of the infants, a
special guardian was appointed for them, who thereafter appeared
and represented them in such proceedings. That appointment was
regular in all respects, except that no affidavit of the service of such
citation upon said infants can now be found among the surrogate's
records. There is an affidavit of the service of the citation on some
of the parties, and a written admission of service by others. Such
two methods of proof included all the parties except the two infants.
As to them, no affirmative proof of service is now found. It is stated,
however, in the verified petition for the appointment of a special
guardian, that such citation had been duly served upon them. After
the appointment of the guardian, and on December 10, 1890, ap-
praisers were appointed to value the property proposed to be sold;

and on the coming in of their report, and on January 10, 1891, a decree was entered authorizing a sale of all the real estate described in the petition, by the administrators, at either public or private sale, upon their filing a bond, etc. This decree recited the service of the citation upon all parties named in it, and also the appointment and appearance for the infants of the special guardian aforesaid. Subsequently, on May 2, 1892, an order was entered reciting that the requisite bond was filed, and directing the administrators to proceed to execute the said decree of sale with respect to all the property therein mentioned. Some of the property was sold at public sale, a report thereof made, and an order entered affirming same and directing a conveyance. But the property in question was not included in such sale. It was sold at private sale, and on June 3, 1892, a conveyance was executed and delivered to the defendant by the administrators, reciting that by a decree of the surrogate they were authorized to sell and convey, that the contract with the defendant was for a sum as large as that fixed by the appraisers, and that such contract had been approved by the surrogate. The purchase price was paid by the defendant, and the conveyance accepted and put on record by it, and since such date the defendant has held and claimed the premises thereunder. There is nothing among the surrogate's records showing a report of such contract of sale, nor is there any order that can be identified as confirming the same and directing a conveyance.

As to the question whether a citation was served upon the infants, so as to give the surrogate jurisdiction of their persons, the trial judge has found that such service was made, and his finding is correct in that respect. The Code (section 2473) provides that, when the jurisdiction of a surrogate's court is attacked collaterally, "the fact that the parties were duly cited is presumptively proved by a recital to that effect in the decree." Such a recital is contained in this decree of sale, and, in the absence of any proof to the contrary, is sufficient to sustain that finding. The plaintiffs do not, upon the trial of this action, testify that such citation was not served upon them. There is nowhere any affirmative proof that it was not so served. On the contrary, their own affidavit, made at the time, states that it was; and all the proof in the case sustains, rather than contradicts, the recital in the decree that such service had been made.

The surrogate then had jurisdiction both of the subject-matter and of the persons of the plaintiff, and his decree authorizing these administrators to sell this land was well made. By it they obtained the right to sell to this defendant, and at the price which it appears they received from it. The fact that an order confirming the contract with the defendant, and directing a conveyance, cannot now be found or identified in the records of the surrogate's office, is not sufficient to avoid the defendant's title to the lands, for which it has paid, and for more than 10 years has supposed that it owned. The surrogate having had jurisdiction to order the sale and conveyance, the mere regularity of the proceedings will not be inquired into in this collateral proceeding.

The judgment appealed from must be affirmed, with costs. All concur.